No. 349.—J. W. BOSWELL v. SUCCESSION OF R. R. ROBY, deceased.

*Any acknowledgment or agreement equivalent to an acknowledgment of a debt by a person who is dead at the time it is sought to be established, must be proved by written evidence.*

APPEAL from the Tenth Judicial District Court, parish of Bossier. *Watkins*, J. *Egan, Williamson & Wise*, for plaintiff and appellee. *Griffin & Snider*, for defendant and appellant.

HOWELL, J. This suit is brought on the following note:

" $2465 22. By the first day of January, 1860, I promise to pay John W. Boswell the sum of two thousand four hundred and sixty-five dollars and twenty-two cents, for value received.

(Signed)                        " R. R. ROBY."

" December 17, 1858."

The defense is a general denial and the prescription of three, five and ten years. To show a suspension of prescription the plaintiff offered a written receipt of plaintiff of the same date of the above note, and the depositions of three witnesses, to prove that the note sued on should not be exigible until another described in the said receipt, and made by one John T. Howard in favor of R. R. Roby, the deceased, should prove to be uncollectable, and that the latter note was really a collateral to secure the payment of the one sued on. To these depositions the counsel for the succession objected on the grounds:

*First*—" Because it was an effort to prove by parol a different and distinct contract from the one sued upon, and was an effort to contradict and vary by parol the written contract sued upon—the contract sued upon being absolute, and the one sought to be established by the evidence offered being a conditional contract."

*Second*—" Because it is an effort to prove by parol evidence an acknowledgment or promise of a party deceased to pay a debt in order to take such debt out of prescription and to revive the same after prescription had been completed."

These objections were sustained, but " the evidence offered was admitted, with the restriction that it was to be considered only in so

far as it might tend to prove in the possession of plaintiff collaterals for the security of defendant's debt, as a means of establishing thereby the suspension of prescription in the interim."

Under this ruling all parol evidence tending to change or vary the contract sued on, or to show a verbal agreement different from that reduced to writing by the parties, was excluded, and we think correctly; and with the restriction under which it was admitted the evidence does not establish a suspension of prescription as held by the judge *a quo*.

The receipt is in the following words:

"Received of R. R. Roby his note for two thousand four hundred and sixty-five dollars and twenty-two cents, due on the first day of January, 1860, which note is in my hands as collateral security for a note of the same amount on John T. Howard, due at the same time said note on Howard, dated October 9, 1858.

    (Signed)                     "JOHN W. BOSWELL."

"December 17, 1858."

This receipt declares that the note of Roby, now in suit, was taken as collateral security for the Howard note, and as long as it might have been kept in vigor in the possession of the creditor it would operate a suspension of the prescription of the Howard note; but its possession, as it was held, did not interrupt or suspend its own prescription. The plaintiff did not object or reserve a bill to the limitation put upon the admission and consideration of the evidence ; and giving the only legal effect it can thus have, it does not prove a suspension of prescription as to the note in suit by the possession by plaintiff as collateral security. For to show that the Howard note was held as security there must be evidence of a different agreement from that declared in the receipt, and the only evidence on that point was excluded by the judge *a quo*. But if it be conceded that the ruling of the judge be viewed as admitting the said depositions to prove an original acknowledgment or agreement at the date of the transaction—the effect of which is to suspend prescription—then we must hold it obnoxious to the second ground of objection. Any acknowledgment or agreement equivalent to an acknowledgment of a debt by a person who is dead at the time it is sought to be established must, under the law, be proved by written evidence.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, with costs in both courts.

---

Howe, J. I concur in the decree in this case for the reason lastly given in the opinion of the court. A continuous acknowledgment by a deceased person of a debt can not be proved by parol.

Rehearing refused.